## MOORE *against* CREAMER

### IN ERROR.

Twenty days are allowed for an appeal from the judgment of a justice of the peace and the appeal may be entered on the last day, although the beginning of a term of the court of Common Pleas, may have intervened. But if the appeal be entered before the justice, the appellee may not have all the twenty days in which to file the transcript, because the law requires him to file it on or before the] first day of the next term after the entry of bail.

ERROR to the court of Common Pleas of *Berks* county. Suit was brought by *Creamer* the defendant in error, against *Moore* the plaintiff in error, for a debt before a justice of the peace and judgment obtained by him on the 31st day of December, 1830, for seventy four dollars; and on the same day the defendant entered bail, and appealed. This appeal the defendant filed on the 12th of January following in the court of Common Pleas, and the same was entered on the docket as of April term, 1831. The January term, 1831 of that court, commenced on the 3d day of January. The court of Common Pleas on the 4th day of April, 1831, on motion, granted a rule to shew cause why the appeal should not be dismissed, which on the 6th of August following, the court made absolute, and the defendant, who brought this writ now assigned for error; "that the court erred in dismissing the appeal under the circumstances of the case."

*Baird* for the plaintiff in error.

*H. W. Smith, contra.*

PER CURIAM.---It is expressly provided that no appeal shall be effectual unless the appellant file the transcript in the prothonotary's office, on or before the first day of the next term; without which, it would be in his power to delay the appellee unreasonably, while on the other hand, no hardship can be suffered from the provision. The appellant has the whole period of twenty days, if he will, to take an appeal and to perfect it, in the doing of which, he is not to be hurried by the approach of a term. He may give bail and do every thing else. necessary, to perfect his appeal on the twentieth day, though the beginning of a term have intervened since the judgment, provided the transcript be returned to the term next succeeding the perfecting of the appeal. But if actually completed, and made ready for return, he may not have all the twenty days in which to file the transcript, because the law requires him to file it, on or before the first day of the next term, *after the entry of bail*; and it was his own fault not to have availed himself of the whole period of twenty days in taking and perfecting his appeal. Here a term was suffered to intervene, and the appeal therefore was properly quashed.

Judgment affirmed.